UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERESA A. CARUSO and DENNIS A. CARUSO,

    Plaintiffs,

v().    Case No.: 2:24-cv-615-SPC-KCD

FIRST PROTECTIVE INSURANCE COMPANY,

    Defendant.
_____/

## **OPINION AND ORDER**

Before the Court is Defendant First Protective Insurance Company's Motion to Dismiss. (Doc. 14). Plaintiffs Teresa and Dennis Caruso, proceeding pro se, filed a response (Doc. 25), so the motion is ripe for review.

This breach of insurance contract action arises from flood damage Plaintiffs' property sustained during Hurricane Ian. Defendant is a write-your-own program carrier participating in the National Flood Insurance Program ("NFIP"). It issued Plaintiffs a Standard Flood Insurance Policy ("SFIP") effective during the time of loss. Plaintiffs submitted a claim for their damages. On March 3, 2023, Defendant sent a letter partially denying the claim. (Doc. 14-3). Several months later, on September 26, 2023, Plaintiffs

submitted a proof of loss, which Defendant denied on June 26, 2024. (Doc. 14-3 at 7-10; Doc. 25-2).

Defendant moves to dismiss arguing Plaintiffs' claim is time-barred because they filed suit more than a year after its March 3, 2023, denial letter. (Doc. 14). In response, Plaintiffs argue the statute-of-limitations issue is not appropriate on a motion to dismiss and that the March 2023 letter was not a proper denial to trigger the statute-of-limitations period. Rather, they believe it was the June 26, 2024, denial letter that did so.

Plaintiffs first argue that Defendant's statute-of-limitations argument is inappropriate at this stage. Dismissal on statute-of-limitation grounds "is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008). The denial letter was attached to Defendant's motion to dismiss, not the complaint. So, in Plaintiffs' view, determining whether the statute of limitations bars their claim involves looking beyond the face of the complaint.

Despite Plaintiffs' contention, the Court may consider documents attached to the motion to dismiss if the attached document is "central" to Plaintiffs' claims and the authenticity of the document is unchallenged. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). The denial letter is central to Plaintiffs' breach of insurance contract claim. *See, e.g.*, *Oceania III Condo. Ass'n, Inc. v. Westchester Surplus Lines Ins.*, 658 F. Supp. 3d 1177, 1180 n.2

2

(S.D. Fla. 2023). And Plaintiffs do not challenge the letter's authenticity. So the Court considers it. *See 4922 Mgmt. LLC v. Selective Ins. Co. of the Southeast*, No. 2:24-CV-894-SPC-NPM, 2025 WL 417701, at *1 (M.D. Fla. Feb. 6, 2025) (considering denial letter attached to insurer's motion to dismiss in breach of SFIP claim).

Turning now to the merits. In a flood-insurance dispute, a plaintiff must institute an action "within one year after the date of mailing of notice of disallowance or partial disallowance" of the claim. 42 U.S.C. § 4072; *see also* 44 C.F.R. § 62.22(a). Defendant argues its March 2023 letter constituted a partial disallowance that triggered § 4072's one-year limitation period. And because Plaintiffs filed suit on July 3, 2024, the argument goes, their suit is time-barred. But Plaintiffs believe it is the June 26, 2024, denial that triggered the limitation period, which would render their claim timely.

The March 2023 letter was a proper disallowance that triggered the one-year limitation period. "To determine whether a letter is a partial written denial, courts closely examine the letter's content." *Palmer v. Selective Ins. Co., Inc.*, No. CV 24-1599, 2024 WL 5126265, at *4 (E.D. Pa. Dec. 16, 2024) (citation omitted). The March 2023 letter states in pertinent part: "The adjuster tells us you are claiming payment for the air handler however, the flood policy will not allow us to pay you for your air handler because it is not

3

considered direct physical loss by or from flood."[1]  (Doc. 14-3 at 1).  It also included a Policyholder Rights form, which advised Plaintiffs of their right to appeal or file a lawsuit after their claim is denied.  (*Id.* at 3).

While the March 2023 letter does not explicitly use the word "deny," "[t]he clear intent of this letter is to categorically reject part of plaintiffs' claim." *State Bank of Coloma v. Nat'l Flood Ins. Program*, 851 F.2d 817, 819 (6th Cir. 1988).  Defendant's expressed decision not to cover a portion of Plaintiffs' claim because the loss was not directly caused by flood damage, accompanied by instructions on how to appeal the decision, was "sufficient to put [Plaintiffs] on notice that a part of [their] claim has been disallowed[.]"  *4922 Mgmt. LLC*, 2025 WL 417701, at *2 (citations omitted).  So the March 2023 denial letter triggered § 4072's one-year limitation period.  And because Plaintiffs filed suit over a year later, their claim is time-barred.

Plaintiffs' arguments in opposition are unpersuasive.  They first argue the March 2023 letter was not a proper disallowance to trigger the one-year limitation period because it was not based on a sworn proof of loss.  Rather, it

---

[1] Plaintiffs argue the Court cannot consider that "[t]he adjuster tells us you are claiming payment for the air handler" because it is hearsay. (Doc. 25). But even if true, excluding this statement only precludes consideration of the reason Defendant denied Plaintiffs' claim; it does not alter the fact that Defendant nevertheless denied a portion of Plaintiffs' claim. What's more, Plaintiffs' own allegation in the complaint alleges that flooding from Hurricane Ian "necessitated repairs to . . . HVAC systems[.]" (Doc. 1 ¶ 10).

was based solely on the adjuster's report.[2] But the Court recently addressed and rejected this same argument. *See 4922 Mgmt. LLC*, 2025 WL 417701, at *3–4; *see also Hawk v. Hartford Ins. Co. of the Midwest*, No. 2:24-CV-823-JES-NPM, 2025 WL 326668, at *5 (M.D. Fla. Jan. 29, 2025) (rejecting plaintiff's argument that a denial letter "did not trigger the one-year period because she had not yet submitted a proof of loss making any request of Hartford"). The argument is likewise rejected here.[3]

Plaintiffs next argue that the March 2023 denial letter is insufficient because it does not comply with FEMA Bulletin W-17013a and the NFIP Claims Manual. These sources outline several items that SFIP insurers must include in a denial letter. Plaintiffs claim two such items are missing from the March 2023 letter: the dates that Plaintiffs submitted requests for payment and the corresponding dollar amount for the denied item.

The problem with Plaintiffs' position is its lack of support. They cite no authority suggesting a failure to comply with FEMA Bulletin W-17013a or the NFIP Claims Manual renders a denial letter insufficient to trigger § 4072's

---

[2] FEMA Bulletin W-22012 requires SFIP insurers to "accept their adjuster's report to evaluate and pay a claim instead of a signed proof of loss."

[3] Plaintiffs note that FEMA Bulletin W-17013a provides that "a denial letter should be issued only after the policyholder submits a signed and sworn proof of loss, signs the final adjuster's report, or fails to comply with a material term of the SFIP." But Plaintiffs overlook that FEMA Bulletin W-22102 partially waived the proof-of-loss requirement and waived the requirement that the policyholder sign the adjuster's report. So an insurer need not wait for these items to issue a denial letter.

5

one-year limitation period—and the Court can find none. *Cf. Palmer*, 2024 WL 5126265, at *5 n.6 (noting plaintiff "fail[ed] to cite any authority for the proposition that a letter must comply with the manual's requirements to trigger the SFIP statute of limitations"). What's more, the statute only requires a disallowance or a partial disallowance of a claim. 42 U.S.C. § 4072. As discussed above, the March 2023 letter accomplished this purpose because it put Plaintiffs on notice that a part of their claim has been disallowed." *See 4922 Mgmt. LLC*, 2025 WL 417701, at *2; *see also McInnis v. Liberty Mut. Fire Ins. Co.*, No. 22-30022, 2022 WL 4594609, at *3 (5th Cir. Sept. 30, 2022) ("[T]he November 2016 letter here plainly put [the plaintiff] on notice that a part of her claim had been disallowed."). In other words, even if the March 2023 denial letter ran afoul of the bulletin or the claims manual, it does not mean it was deficient under § 4072.[4]

Dismissing a case on statute of limitation grounds is often a harsh result, especially when the plaintiffs are proceeding pro se, as here. But "not even the temptations of a hard case should cause courts to read the requirements of a federal insurance contract with charitable laxity." *Sanz v. U.S. Sec. Ins.*, 328 F.3d 1314, 1318 (11th Cir. 2003). Because Plaintiffs failed to file suit within

---

[4] Indeed, the bulletin was implemented to "help policyholders better understand why the Standard Flood Insurance Policy (SFIP) does not cover all or part of their claims." FEMA Bulletin W-17013a. Thus, its purpose is unrelated to the statute of limitations.

one year of the March 2023 denial letter, their claim is time-barred and must be dismissed.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 14) is **GRANTED.**

2. Plaintiffs' Complaint (Doc. 1) is **DISMISSED with prejudice**.

3. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 10, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record